UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN JOHN DEWEY,           *
                            *
    Plaintiff,              *
                            *
    v.                      *
                            *       Civil Action No. 14-30032-MGM
CAROLYN W. COLVIN,          *
Acting Commissioner of Social Security, *
                            *
    Defendant.              *


MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION
TO AFFIRM THE DECISION OF THE COMMISSIONER
(Dkt. Nos. 15 and 23)

March 31, 2015

MASTROIANNI, U.S.D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Social Security Disability Insurance ("SSDI") benefits pursuant to 42 U.S.C. § 405(g). Kevin John Dewey ("Plaintiff") asserts the Commissioner's decision denying him such benefits—memorialized in a December 26, 2012 decision of an administrative law judge ("ALJ")—is in error. The parties have filed cross-motions for judgment on the pleadings.

The court denies Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) and, accordingly, grants Commissioner's motion to affirm the ALJ's decision (Dkt. No. 23) because it is supported by substantial evidence from the record.

I. DISCUSSION

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the applicable standard of review.

A. <u>Standard of Review</u>

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. <u>See</u> 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. <u>Rodriguez v. Sec'y of Health & Human Servs.</u>, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion. <u>Ortiz v. Sec'y of Health & Human Servs.</u>, 955 F.2d 765, 769 (1st Cir. 1991). Additionally, it is the Commissioner's responsibility to weigh conflicting evidence and decide issues of credibility. <u>Rodriguez,</u> 647 F.2d at 222.

B. <u>Disability Standard and the ALJ's Decision</u>

An individual is entitled to SSDI benefits if, among other things, he has an insured status and, prior to the expiration of that status, he was under a disability. <u>Baez v. Astrue</u>, 550 F. Supp. 2d 210, 214 (D. Mass. 2008) (citing 42 U.S.C. § 423(a)(1)(A) and (E)). With respect to Plaintiff's claim for SSDI benefits, he must therefore establish disability on or before the last date on which he was insured, March 31, 2014. (A.R. at 13.) <u>See</u> <u>id.</u>

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity
> that he is not only unable to do his previous work but cannot, considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

See 20 C.F.R. § 404.1520(a)(4); Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, the ALJ found the following with respect to these steps: At step one, the ALJ found the Plaintiff had not performed any substantial gainful activity since the date when he allegedly became disabled, January 6, 2009. (Dkt. No. 13, Administrative Record ("A.R.") 14.) Moving to step two, the ALJ found that Plaintiff had several severe impairments, specifically back pain due to lumbago and disc disorder with possible L4 radiculopathy, obstructive sleep apnea, and morbid obesity. (A.R. 14.) At the third step, the ALJ determined that Plaintiff's impairments do not, singly or in combination, meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 15.) The ALJ found that Plaintiff's residual functioning capacity ("RFC") allows him to perform light work, as defined in 20 C.F.R. 404.1567(b), provided that he performs "no more than occasional bending, twisting, crouching, or crawling" and that he avoids "concentrated exposure to dust, fumes, strong odors, temperature or humidity

extremes, and hazards such as unprotected heights or dangerous moving machinery." (A.R. 15-17.) At step four, the ALJ determined that the Plaintiff was able to do his past work as a golf ball inspector. (A.R. 17.) Finally, at step five, the ALJ found the Plaintiff would have been able to do a significant number of other jobs in the national economy. (A.R. 18.) As a result, the ALJ determined that Plaintiff did not have a disability as defined by the Act. (A.R. 18.)

   C. Analysis of Plaintiff's Claims

Plaintiff first argues the ALJ erred in classifying Plaintiff's diabetes mellitus, depression, and anxiety as non-severe impairments. (Dkt. No. 16, Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings ("Pltf. Mem.") 8.) Plaintiff's argument on this point is unavailing and the court finds the ALJ's decision is supported by substantial evidence. See 42 U.S.C. §§ 405(g); Rodriguez, 647 F.2d at 222 (1st Cir. 1981) (Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion.). "Step two of the sequential evaluation process requires the Commissioner to determine whether a claimant possesses a 'severe' impairment." Church v. Astrue, 2012 WL 369424, at *8 (D. Mass. Feb. 2, 2012) (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). "An impairment or combination of impairments is 'severe' if it significantly limits an individual's physical or mental ability to perform basic work activities, which in turn is defined as 'the abilities and aptitudes necessary to do most jobs.'" Id. (quoting 20 C.F.R. §§ 404.1520(c); 1521(b)). Therefore, a mere diagnosis of a medical condition is not sufficient to unequivocally establish that a "severe" impairment exists, as defined by the regulations. See id. (citing 42 U.S.C. § 423(d)(2)(B)). Rather, for an impairment to be deemed severe under the regulations, Plaintiff must provide evidence that it "significantly limit[s] [his] physical or mental

4

ability to do basic work activities."[1] Grady v. Astrue, 894 F. Supp. 2d 131, 141 (D. Mass. 2012); 20 C.F.R. § 404.1520(c).

The evidence referenced in the pertinent section of Plaintiff's memorandum (Dkt. No. 16, Pltf. Mem. 8-12) does not indicate, and the record does not provide support for, the proposition that Plaintiff was functionally limited by his diabetes as defined by the regulations. See id. In his memorandum, Plaintiff primarily discusses the extent of his diabetes, as well as his history with the disease (Dkt. No. 16, Pltf. Mem. 3-4, 8-12). However, without substantial evidence showing that Plaintiff's ability to work was significantly limited by the disease, Plaintiff's impairment does not qualify as "severe" for these purposes. See id. The court does acknowledge the existence of isolated instances in which Plaintiff complained to treating personnel of dizziness, which may have stemmed from the diabetes (Dkt. No. 16, Pltf. Mem. 11); but the court notes that, otherwise, Plaintiff's only support for his assertion that he was functionally limited by his diabetes consists of his own testimony from the hearing.[2] (Dkt. No. 16, Pltf. Mem. 12.; A.R. 41-42, 48-51.)

While it is possible some level of corroborated dizziness might have justified a different conclusion by the ALJ, the court concludes that, in this case, substantial evidence supports the ALJ's finding. See 42 U.S.C. §§ 405(g). Specifically, with respect to the issue of dizziness to which he draws the court's attention, the evidence of record indicates Plaintiff typically reported he had not been feeling dizzy to treating sources. (See A.R. 312, 319, 324, 328, 335, 338, 352, 361, 371, 376, 473, 476,

---

[1] The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(a). The regulations provide examples of these "basic work activities," such as "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).

[2] The ALJ's assessment of Plaintiff's credibility, through which Plaintiff's personal claims of ailment severity are judged, is discussed infra. In the "Procedural History" section of Plaintiff's memorandum, Plaintiff also references his own allegations, from the hearing, of back and leg pain. (Dkt. No. 16, Pltf. Mem. 2-3 (citing A.R. at 34-40).) Significantly, in his discussion of this pain, Plaintiff does not reference medical source opinions to corroborate his claim that this pain was sufficiently limiting as to qualify as "severe" under the regulations. See Grady v. Astrue, 894 F. Supp. 2d 131, 141 (D. Mass. 2012); 20 C.F.R. § 404.1520(c). Further, as noted by the ALJ, "no treating or examining physician has suggested [Plaintiff] is more limited" than the ALJ's RFC's assessment. (A.R. 17.)

490, 505, 582, 595, 606, 609.) The court further observes that Plaintiff did not complain of significant physical symptoms resulting from his diabetes at the vast majority of his doctors' appointments. (See A.R. 311, 324, 334, 472, 581, 605.) Finally, as noted by the ALJ, "no treating or examining physician has suggested [Plaintiff's ability to work] is more limited" than the ALJ's RFC's assessment. (A.R. 17.)

Plaintiff's argument regarding his alleged depression is similarly unavailing, as the evidence of record supports the ALJ's finding because it does not indicate this depression was significantly limiting. See Church v. Astrue, 2012 WL 369424, at *8 (D. Mass. Feb. 2, 2012). Specifically, the record is devoid of evidence indicating Plaintiff's depression was an ongoing and severe problem, as defined by the regulations. (See A.R. 320, 329, 339, 353, 362, 372, 377, 477, 491, 610 (no record of depression-related complaints); see also A.R. 591 (no evidence that this was likely to persist for at least 12 continuous months).)

Plaintiff also argues the ALJ erred "in deeming [Plaintiff] not credible as he improperly relied on the fact that he was not taking pain medication." (Dkt. No. 16, Pltf. Mem. 15.) The court rejects Plaintiff's argument for several reasons. First, Plaintiff misstates the finding of the ALJ concerning his credibility. The ALJ did not deem Plaintiff not credible per se, as Plaintiff contends; rather, the ALJ stated that the Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are found to be somewhat credible, but not to the extent alleged."[3] (See A.R. 17.)

Further, "[i]t is the responsibility of the Secretary to determine issues of credibility and to draw inferences from the record evidence." Ortiz, 955 F.2d at 769. Nevertheless, the court agrees with the ALJ regarding the inconsistencies, between Plaintiff's allegations and the evidence of record from other sources, which serve to damage his credibility. As summarized by the ALJ, these inconsistencies include: Plaintiff's lack of compliance with the diet and exercise prescribed to him

---

[3] As discussed below, the ALJ provided many reasons for this moderately adverse credibility assessment. (See A.R. 17.)

(see A.R. at 324, 334, 355, 472, 482, 581, 594, 605); his lack of specificity as to an attempt to resolve his purportedly severe back injury (see A.R. 554); inconsistency in the record as to the reason Plaintiff stopped working on January 6, 2009 (Compare A.R. 30 (Plaintiff testified that he ceased working because he was "laid off") and A.R. 554 (Dr. Linson's impartial evaluation of Plaintiff stated that Plaintiff had been "laid off") with A.R. 163 (Plaintiff's application summary for Disability Insurance Benefits, stating that Plaintiff was unable to work because of his "disabling condition")); the fact that the MRI results do not show an ailment which might cause severe and limiting pain, as Plaintiff alleges (see A.R. 307, 555); and Plaintiff's certification, as a prerequisite for his collection of unemployment benefits, that he was "ready, willing, and able to work" through the fourth quarter of 2010. (See A.R. 16-17.)

Plaintiff focuses his argument upon one additional factor the ALJ listed as damaging to Plaintiff's credibility—the fact that Plaintiff was taking only ibuprofen, intended for "mild to moderate pain," on the date of the hearing. (See A.R. 17; Dkt. No. 16, Pltf. Mem. 14-15.) The court need not express an opinion on the merit of Plaintiff's argument that this type of consideration is improper. Even assuming Plaintiff's pertinent legal assertion is correct, his argument nevertheless fails. The court finds that, even if the ALJ's consideration of pain medicine was improper, the ALJ's credibility assessment and ultimate conclusion are supported by substantial evidence from the record, the specifics of which were discussed above. See 42 U.S.C. §§ 405(g); Rodriguez, 647 F.2d at 222 (1st Cir. 1981) (Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion.); see also Ortiz, 955 F.2d at 769 (1st Cir. 1991) ("It is the responsibility of the Secretary to determine issues of credibility.").

II. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 15), and ALLOWS Defendant's Motion for Order Affirming Decision of the

7

Commissioner, (Dkt. No. 23). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

                                                    /s/ Mark G. Mastroianni
                                                    MARK G. MASTROIANNI
                                                    United States District Judge